UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ZACHARY CASTANEDA, | ) | NO. SACV 22-168-FMO (AGR) |
| Plaintiff, | ) | |
| v. | ) ) ) | ORDER TO SHOW CAUSE WHY COURT SHOULD NOT RECOMMEND (1) DENIAL OF REQUEST TO PROCEED WITHOUT PREPAYMENT OF FILING FEES; AND (2) DISMISSAL OF COMPLAINT AS BARRED BY STATUTE OF LIMITATIONS |
| OWNER UCI MEDICAL CENTER, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

The court orders Plaintiff to show cause on or before **March 4, 2022**, why this court should not recommend dismissal of his complaint as barred by the statute of limitations and denial of his request to proceed without prepayment of filing fees.

# I.

## **PROCEDURAL HISTORY**

On January 26, 2022, Plaintiff, proceeding *pro se*, constructively filed a civil rights complaint under 42 U.S.C. § 1983 based on an incident that is alleged to have occurred on February 2, 2017. (Dkt. No. 1.)[1]  The complaint names four defendants: (1) Probation Officer M. Lesko; (2) Orange County Probation Department; (3) Santa Ana Police Department ("SAPD"); and (4) Chief D. Valentin of the SAPD.

Plaintiff has now filed 19 civil cases since November 2021.  As relevant here, Plaintiff previously constructively filed on December 15, 2021, a civil rights complaint based on the same event on February 2, 2017 against Chief Valentin, Probation Officer Lesko and the SAPD.  *Castaneda v. Owner UCI Medical Center*, SACV 21-2060 FMO (AGR).  In that case, the court issued an order to show cause why the court should not recommend (1) denial of the request to proceed without prepayment of filing fees; and (2) dismissal of complaint as barred on its face by the statute of limitations.  The court explained the legal standards governing the statute of limitations and tolling.  (Dkt. No. 4.)  Plaintiff filed a response.  (Dkt. Nos. 6, 8, 9.)  On the court's recommendation, the District Court dismissed the complaint and denied the request to proceed without prepayment of filing fees.  (Dkt. No. 7.)

# II.

## **ALLEGATIONS OF COMPLAINT**

The complaint stems from the same incident on February 2, 2017.  (Compl. at 5.)  Plaintiff alleges that he was parked outside a 7-11 with his son.  Probation officers from the SAPD gang unit got out of their car, surrounded Plaintiff's car with guns drawn, announced a random probation search and asked Plaintiff to

---

[1] Because the complaint is not paginated consecutively, the court cites page numbers assigned by CM/ECF in the header of the document.

get out of the car.  Plaintiff refused.  The officers removed his son from the car.  (Compl. at 5, 7.)  After his son was out of the car, the officers broke the window, pulled Plaintiff out of the car, threw him on the ground, and punched, kicked and tased him.  Plaintiff was eventually handcuffed and arrested, and officers put a spit mask on him.  (*Id.* at 7.)  Plaintiff was put in an ambulance and paramedics injected him with unknown drugs.  An officer in the ambulance him in the face with a large metal object.  When Plaintiff awoke at the UCI Medical Center, his memory was erased.  Plaintiff was taken to the Orange County jail and booked.  Plaintiff "beat" the felony case based on the February 2, 2017 incident.  (*Id.* at 7-8.)  Nevertheless, Plaintiff lost custody of his children and could not recover his car.  (*Id.* at 8.)

Plaintiff alleges First, Eighth and Fourteenth Amendment claims against all defendants.  (*Id.* at 3.)  He seeks (a) an order granting him custody of his children; (b) an order that various judges, court clerks, prosecutors and public defenders have their licenses revoked and be terminated; (c) an order that various law enforcement employees from several police and sheriff departments be fired; (d) monetary relief; (e) bail in his current criminal cases; and (f) an order that the Orange County Board of Supervisors be fired.  (*Id.* at 13-15.)

### III.

### **STATUTE OF LIMITATIONS**

It appears that Plaintiff's suit is barred by the statute of limitations on the face of the complaint.  *Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 969 (9th Cir. 2010).

Federal courts apply the forum state's analogous statute of limitations to § 1983 claims.  *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999).  In California, the applicable limitations period is two years.  Cal. Civ. Proc. Code § 335.1.  Assuming Plaintiff was incarcerated during the limitations period, he may be entitled to two additional years of

statutory tolling under Cal. Civ. Proc. Code § 352.1(a).  Federal courts also apply the forum state's law regarding tolling, including equitable tolling, when not inconsistent with federal law.  *Mills v. City of Covina*, 921 F.3d 1161, 1166 (9th Cir.), *cert. denied*, 140 S. Ct. 388 (2019).

Federal law, however, governs when a claim accrues.  *Id.; Wallace*, 549 U.S. at 388.  "Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015).  "'The cause of action accrues even though the full extent of the injury is not then known or predictable.'" *Wallace*, 549 U.S. at 391 (citation omitted).

Plaintiff's complaint arises from the incident on February 2, 2017.  Any § 1983 claim arising from this incident accrued on that date because Plaintiff was aware of his injuries at that time.  *See Belanus*, 796 F.3d at 1025.  The statute of limitations expired two years later.  Plaintiff claims that he has been "incarcerated this whole time." (Compl. at 23.)  This contention is unlikely to be correct because his current state criminal cases are based on his alleged unrelated crimes and arrest on August 7, 2019.[2]  Even assuming Plaintiff has been incarcerated from February 2, 2017 through the filing of the complaint for a term less than life and would therefore be entitled to two years of statutory tolling under Cal. Civ. Proc. Code § 352.1(a), the statute of limitations expired four years later, or no later than February 2, 2021.

Accordingly, Plaintiff's complaint would be barred by the statute of limitations.  As the court explained in connection with his prior complaint based on the same event on February 2, 2017, the complaint does not indicate any basis for tolling the statute of limitations.

---

[2] Plaintiff has filed a complaint based on his arrest on August 7, 2019. Second Amended Complaint, Dkt. No. 11 at 6, 9, *Castaneda v. Garden Grove Police Dep't*, SACV 21-1892 FMO (AGR).

4

"Under California law, a plaintiff must meet three conditions to equitably toll a statute of limitations: '(1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith.'" *Fink*, 192 F.3d at 916 (citation omitted).

Plaintiff states that he was in a coma for three days after February 2, 2017. Even assuming he received equitable tolling for that time frame until February 6, 2017 plus four years of tolling under Cal. Civ. Proc. Code § 352.1(a), the statute of limitations would have expired on February 6, 2021 and the complaint would remain untimely.

In response to the order to show cause in the previous case he filed based on the same incident on February 2, 2017, Plaintiff stated that "when I was out I didn't have the time" and worked to support his family. (Dkt. No. 8 at 1, SACV 21-2160 FMO (AGR).) Plaintiff does not explain how working for a living somehow prevents the filing of a timely complaint. Plaintiff has not alleged facts showing a reasonable and good faith effort to pursue his claims based on the February 2, 2017 incident. *Fink*, 192 F.3d at 916-17; *see also Ateeq v. Najor*, 15 Cal. App. 4th 1351, 1358 (1993) (requiring factual allegations for tolling when complaint is facially barred by statute of limitations).

## IV.

## ORDER

For the foregoing reasons, IT IS ORDERED THAT Plaintiff shall show cause in writing, by no later than **March 4, 2022**, why the court should not recommend that the complaint be dismissed as barred by the statute of limitations and that Plaintiff's request to proceed without prepayment of fees be denied.

If Plaintiff fails to file a response to this order to show cause on or before **March 4, 2022**, this court may recommend that the complaint be dismissed as

facially barred by the statute of limitations and that Plaintiff's request to proceed without prepayment of fees be denied.

DATED: February 2, 2022

_____
ALICIA G. ROSENBERG
United States Magistrate Judge